**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| BANK OF AMERICA, N.A., | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:14-CV-809-JAR |
| v. | ) ) ) | |
| MAGRUDER CONSTRUCTION CO., INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Magruder Construction Co., Inc.'s Motion to Dismiss Verified Complaint. (Doc. No. 17) The motion is fully briefed.

Magruder requests the claims herein be resolved by binding arbitration pursuant to section 12.4 of the Loan Agreement, which provides that "[a]t the request of any party to this agreement, any Claim shall be resolved by binding arbitration in accordance with the Federal Arbitration Act (Title 9, U.S. Code)," see Doc. No. 1-1, section 12.4(b), and moves for dismissal or, in the alternative, for stay pending arbitration. Under the Loan Agreement, however, the Bank has other available remedies, including the appointment of a receiver. Specifically, section 12.4(f) of the Loan Agreement provides that "[t]his paragraph does not limit the right of any party to … (iv) act in a court of law to obtain an interim remedy, such as but not limited to, injunctive relief, writ of possession or appointment of a receiver, or additional supplementary remedies." Likewise, the Security Agreement provides that one of the Bank's remedies after default is the appointment of a receiver. (Doc. No. 1-2, section 6(l)). Thus, Magruder's motion to dismiss and or stay will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Verified Complaint [17] is **DENIED**.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**

Dated this 31st day of July, 2014.